

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT LEE WATKINS,

    *Petitioner*,

vs.

JAMES BENEDITTI, *et al.*,

    *Respondents*.

3:10-cv-00101-RCJ-VPC

ORDER

This habeas matter comes before the Court for initial review of the petition and exhibits (#4) under Rule 4 of the Rules Governing Proceedings under Section 2254. Petitioner has paid the filing fee.

Following initial review, it appears: (a) that the petition is a successive petition; and (b) that the petition further is time-barred for failure to seek federal habeas relief within the one year limitation period established in 28 U.S.C. § 2244(d)(1) by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Petitioner therefore will be directed to show cause in writing why the petition should not be transferred and referred to the Court of Appeals as a successive petition or dismissed with prejudice as time-barred.

### Background

According to the papers submitted and available court records, petitioner Robert Lee Watkins was convicted in 1995 in Nevada state court, pursuant to a jury verdict, of four counts of sexual assault of a minor under fourteen years of age. The Supreme Court of Nevada affirmed the conviction on direct appeal on March 27, 1997. *See, e.g., Watkins v. State*, 113

1  Nev. 1658, 970 P.2d 1139 (1997)(table). Petitioner thereafter, in or around November 1997,
2  mailed a federal habeas petition to this Court for filing in No. 3:97-cv-00638-ECR-RAM. The
3  Court denied the petition on the merits on April 8, 1999. According to the online docket
4  records of the Court of Appeals, the Ninth Circuit denied a certificate of appealability over a
5  decade ago, on October 26, 1999.
6  Watkins mailed the present petition for filing on or about February 12, 2010.

### *Successive Petition*

8  Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the
9  federal district court, the petitioner must move in the court of appeals for an order authorizing
10 the district court to consider the petition. In the present petition, petitioner seeks to challenge
11 the same judgment of conviction that he previously challenged in No. 3:97-cv-00638-ECR-
12 RAM. The present petition constitutes a second or successive petition because the prior
13 petition was dismissed on the merits. *See,e.g., Henderson v. Lampert*, 396 F.3d 1049, 1052-
14 53 (9th Cir. 2005). Accordingly, petitioner must show cause why the present petition should
15 not be transferred and referred to the Court of Appeals because he did not first obtain
16 permission from the Court of Appeals for this Court to consider the petition.

### *Time Bar*

18 Further, assuming *arguendo* that this Court has jurisdiction over the petition, and
19 pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* raises the
20 question of whether the petition is time-barred for failure to seek federal habeas relief within
21 the one-year limitation period established in 28 U.S.C. § 2244(d)(1).
22 Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period began running
23 after the ninety day time period expired for filing a petition for *certiorari* after the Supreme
24 Court of Nevada affirmed the conviction on direct appeal, *i.e.*, on or about June 25, 1997.
25 Unless otherwise tolled, the limitation period therefore would expire one year later on or about
26 June 25, 1998, over a decade prior to the filing of the present petition.
27 The prior federal petition did not toll or interrupt the running of the federal limitations
28 period. *Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

1    Thus, on its face, the petition is subject to dismissal as time-barred under Section
2 2244(d)(1).

3    Petitioner accordingly must show cause in writing why the petition should not be
4 dismissed with prejudice as time-barred.

5    In this regard, petitioner is informed that the one-year limitation period may be equitably
6 tolled. Equitable tolling is appropriate only if the petitioner can show "'(1) that he has been
7 pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'
8 and prevented timely filing." *Lawrence v. Florida*, 549 U.S.327, 336, 127 S.Ct. 1079, 1085,
9 166 L.Ed.2d 924 (2007)(quoting *Pace,* 544 U.S. at 418, 125 S.Ct. at 1814). Equitable tolling
10 is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the
11 threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the
12 rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(quoting *United States v.*
13 *Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of
14 proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate
15 a causal relationship between the extraordinary circumstance and the lateness of his filing.
16 *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney*
17 *General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

18    Petitioner also is informed that, under certain circumstances, the one-year limitation
19 period may begin running on a later date or may be statutorily tolled. See 28 U.S.C. §
20 2244(d)(1)(B), (C) & (D) & (d)(2).

21    IT THEREFORE IS ORDERED that the Clerk of Court shall file the petition.[1]

22    IT FURTHER IS ORDERED that the Clerk shall add Attorney General Catherine Cortez
23 Masto as counsel for respondents and shall make informal electronic service of this order and
24 the petition upon respondents by directing a notice of electronic filing to her. **No response**
25 **is required from respondents at this time.**

26
27
---
28    [1]The clerical filing of the petition does not signify that the petition otherwise is free of deficiencies. The Court defers further screening of the petition pending completion of the current *sua sponte* inquiry.

IT FURTHER IS ORDERED that, in filing the petition and accompanying papers, the Clerk shall separate out the juvenile and medical records and related papers filed with #1-3, at electronic docketing pages 39-61, and shall file these papers UNDER SEAL, such that said papers shall be filed under seal both as an attachment to #1 and when the petition and accompanying papers are filed. The sealed papers shall be served, however, upon respondents along with this order and the petition, in any manner that is efficient for the Clerk.

IT FURTHER IS ORDERED that petitioner shall not file any further juvenile or medical records of the victim in this matter without an accompanying separate motion seeking to have the papers filed under seal.

IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order, petitioner shall SHOW CAUSE in writing: (a) why the petition should not be transferred and referred to the Court of Appeals as a successive petition; and (b) why, in the alternative, the petition should not be dismissed with prejudice as time-barred.

IT FURTHER IS ORDERED that petitioner shall attach with his response copies of all state written decisions regarding his conviction or sentence, including those on direct appeal and on state post-conviction or other collateral review, together with all remittiturs issued.

If petitioner does not timely respond to this order, the petition will be transferred to the Court of Appeals as a successive petition. If petitioner establishes that the petition is not a successive petition but fails to show that the petition is timely, the petition will be dismissed with prejudice.

All assertions of fact in the show cause response must be supported by competent evidence or by a sworn declaration under penalty of perjury that is based upon personal knowledge of the facts stated therein. Any assertions of fact that are not supported in this manner will be disregarded.

DATED: This ____24____ day of May, 2010.

_____
ROBERT C. JONES
United States District Judge